FILED
2026 Oct-05 AM 09:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL L. TAYLOR,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:25-cv-01562-MHH** |
| | } | |
| **RELX GROUP PLC, d/b/a LexisNexis Risk Solutions Inc.,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Taylor has sued the RELX Group, PLC and LexisNexis Risk Solutions Inc. for alleged violations of the Fair Credit Reporting Act. (Doc. 1).[1] RELX and LexisNexis have moved to dismiss Mr. Taylor's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 11). This opinion resolves that motion.

This opinion begins with the standard that governs motions to dismiss under Rule 12(b)(6). Then, consistent with that standard, the Court presents Mr. Taylor's factual allegations in the light most favorable to him. Finally, mindful of Mr.

[1] Mr. Taylor states in his complaint that he is suing "RELX Group, PLC, d/b/a LexisNexis Risk Solutions Inc." (Doc. 1, p. 1). According to LexisNexis's corporate disclosure statement, the company is an indirect subsidiary of RELX Group, PLC. (Doc. 1).

Taylor's factual allegations, the Court analyzes his FCRA claims to determine whether he has stated a viable FCRA claim.

***

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Rule 8(a)(2) statement of a claim "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009)).

This is particularly true with respect to *pro se* complaints. Courts must construe *pro se* documents liberally. *Erickson*, 551 U.S. at 94. A district court must hold a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Still, a district court "may not serve as de facto counsel for a party, or ... rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex. rel. Small, Jr. v. BAC (Bank of America) Home Loans*

*Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the factual allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015). This general rule does not apply to "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Heinen v. Royal Caribbean Cruises Ltd.*, 806 Fed. Appx. 847, 849 (11th Cir. 2020) (internal brackets omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Therefore, in deciding the defendants' motions to dismiss, the Court views Mr. Taylor's non-conclusory factual allegations in the light most favorable to him. Because Mr. Taylor is proceeding *pro se*, the Court considers the factual allegations in all of his submissions, including his complaint. *See Newson v. Chatham County Det. Ctr.*, 256 Fed. Appx. 342, 344 (11th Cir. 2007).

***

Mr. Taylor alleges that RELX and LexisNexis "[p]ermitted–impermissible inquiries and access to [his] consumer reports in violation of 15 U.S.C. § 1681b(f)[;]" "[r]eported and disseminated false, misleading, and unverified bankruptcy information, in violation of 15 U.S.C. §§ 1681e(b) and 1681c[;]" "[f]ailed to conduct lawful reinvestigations and provide procedural descriptions, in

violation of 15 U.S.C. § 1681i[;]" "[a]cted willfully and negligently in violation of 15 U.S.C. §§ 1681n an 1681o[;]" "[v]iolated the discharge injunction under 11 U.S.C. § 524(a)(2) by allowing post-discharge reporting and reliance on extinguished debts;" and "[c]aused direct and foreseeable harm, including business loan denials, lost income opportunities, forced depletion of emergency reserves, diminished property protections, and emotional distress." (Doc. 1, p. 2).

Mr. Taylor has attached to his complaint documents that describe events and other documents that he maintains. (Doc. 1, pp. 4–10). "Exhibit D" states that PNC denied a $50,000.00 business loan because of "post-discharge bankruptcy reporting. This denial suppressed a lawful owner-operator business opportunity." (Doc. 1, p. 7); *see also* (Doc. 16, p. 15) (copy of denial Mr. Taylor attached to his response to the defendants' motion to dismiss). "Exhibit E" states that Experian, TransUnion, and Equifax's consumer reports "show repeated impermissible inquiries tied to false bankruptcy reporting." (Doc. 1, p. 8). "Exhibit I" states that PNC denied a $35,000.00 loan application for tornado relief and debt consolidation. (Doc. 1, p. 9); *see also* (Doc. 16, p. 16) (copy of denial Mr. Taylor attached to his response to the defendants' motion to dismiss).

Mr. Taylor alleges that RELX and LexisNexis originated and disseminated the unverifiable data. (Doc. 1, pp. 3, 7–9). Mr. Taylor attached to his opposition to the motion to dismiss exhibits showing that LexisNexis shared his bankruptcy

information with Experian, Equifax, and TransUnion; LexisNexis filed disputes with these credit bureaus on Mr. Taylor's behalf; LexisNexis did not receive responses; and LexisNexis advised Mr. Taylor to contact the credit bureaus to dispute information in his credit reports. (Doc. 16, pp. 17–20).[2]

***

To succeed on a civil claim for damages under the Fair Credit Reporting Act, a plaintiff must allege that the defendant negligently or willfully violated the act. 15 U.S.C. §§ 1681n, 1681o; *Clestine v. Capital One*, 741 Fed. Appx. 712, 715 (11th Cir. 2018) (citing *Levine v. World Fin. Network Nat'l Bank*, 554 F. 3d 1314, 1318 (11th Cir. 2009)). To maintain claims against the defendants under the Fair Credit Reporting Act, Mr. Taylor must show that the defendants are consumer reporting agencies. 15 U.S.C. § 1681a(f). LexisNexis has acknowledged that it is a consumer reporting agency; RELX has not. (Doc. 11, pp. 3–4). Mr. Taylor alleges that RELX is a consumer reporting agency because it exercises control over LexisNexis as its ultimate parent company. (Doc. 16, p. 5). Mr. Taylor asserts that the corporate shield cannot protect RELX as a parent entity. (Doc. 16, p. 5).

Piercing the corporate veil is an exceptional remedy. *Elitzen Chem. (Sing.) PTE. Ltd. v. Carib Petroleum*, 749 Fed. Appx. 765, 770 (11th Cir. 2018) (noting that

---

[2] LexisNexis alleges that these exhibits are from a different entity, LexisNexis Risk Data Management, Inc. (Doc. 17, p. 6). Both LexisNexis Risk Solutions and LexisNexis Risk Data Management, Inc. appear on the documents. (Doc. 16, pp. 17-20).

the party seeking to pierce the corporate veil bears a "significant" burden). Piercing the corporate veil generally requires the following elements:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practices in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*United Steelworkers of Am., AFL-CIO-CLC v. Connors Steel Co.*, 855 F.2d 1499, 1507 (11th Cir. 1988). On a motion to dismiss, "[t]he issue is not whether [the plaintiffs] may ultimately prevail on the 'piercing the corporate veil' theory, but whether the allegations are sufficient to allow them to conduct discovery in an attempt to prove their allegations." *Jackam v. Hosp. Corp. of Am. Mideast*, 800 F.2d 1577, 1579–80 (11th Cir. 1986). "[T]hreadbare recitations" of the requirements is not enough to avoid dismissal. *Innotex Precision Ltd. v. Horei Image Prods., Inc.*, 679 F. Supp. 2d 1356 (N.D. Ga. 2009) (quoting *Iqbal*, 556 U.S. at 678). Mr. Taylor has not alleged facts that plausibly suggest he could pierce the corporate veil to impose liability on RELX; he alleges only, without further elaboration, that RELX controls LexisNexis. Thus, the Court dismisses Mr. Taylor's claims against RELX for failure to state a claim upon which relief can be granted.

***

Mr. Taylor alleges that LexisNexis violated 15 U.S.C. § 1681b(f) by permitting inquiries and access to consumer reports. Subsection 1681b(f) restricts how a person may use or obtain information provided in a consumer report. 15 U.S.C. § 1681b(f). Mr. Taylor does not allege that LexisNexis used or obtained information from a credit report. Instead, he alleges that LexisNexis provided information about his bankruptcy in a credit report. Thus, Mr. Taylor has not stated a claim against LexisNexis under § 1681b(f).

Mr. Taylor relies on 15 U.S.C. § 1681b(a) in his opposition to the defendants' motion to dismiss, though he does not cite it in his complaint. (Doc. 16, pp. 1–2). To establish a claim for violation of 15 U.S.C. § 1681b(a), a plaintiff must show that a consumer reporting agency furnished the plaintiff's consumer report to a person that the consumer reporting agency did not have reason to believe intended to use the information for a permissible purpose. 15 U.S.C. § 1681b(a); *Yarbrough v. Experian Info. Sols. Inc.*, No. 5:25-cv-1194, 2026 U.S. Dist. LEXIS 109276, at *16-17 (N.D. Ala. May 18, 2026).

Mr. Taylor has submitted documents that indicate that he disputed information that LexisNexis provided to Experian that affected a loan application with PNC

Bank. (Doc. 16, pp. 17–20; *see* Doc. 1, pp. 4, 7).[3] Mr. Taylor has not alleged facts or provided documents that indicate that LexisNexis had reason to believe that Experian intended to use the information it obtained from LexisNexis for an impermissible purpose. (Doc. 16). Thus, Mr. Taylor has failed to state a claim under 15 U.S.C. § 1681b(a) upon which relief can be granted.

***

Mr. Taylor also mentions 15 U.S.C. § 1681q in his opposition to the defendants' motion to dismiss. (Doc. 16, pp. 4–5). This provision concerns fines for "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses." 15 U.S.C. § 1681q. Mr. Taylor asserts that "[d]isseminating bankruptcy data years after discharge, for profit, without authorization or consumer consent, violates § 1681b and constitutes furnishing 'under false pretenses' within § 1681q." (Doc. 16, p. 5). Mr. Taylor has not alleged facts that, if proven, would demonstrate that LexisNexis knowingly and willfully obtained information about his bankruptcy under false pretenses. Thus, Mr. Taylor has failed to state a claim under § 1681b upon which relief can be granted.

***

In his complaint, Mr. Taylor cites 15 U.S.C. § 1681e. (Doc. 1, pp. 1–2). Subsection (b) of that statute states that "[w]henever a consumer reporting agency

[3] In his complaint, Mr. Taylor indicated that he relied on exhibits that he withheld pending a court order or discovery. (Doc. 1, p. 5). Mr. Taylor attached some documents to his opposition to the defendants' motion to dismiss. (Doc. 16).

prepares a consumer report[,] it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 944 (11th Cir. 2021). In his complaint, Mr. Taylor offers only conclusory allegations that LexisNexis "reported false, misleading and unverified bankruptcy information." (Doc. 1, p. 2). Other than this conclusory allegation that lacks specific facts about the information LexisNexis allegedly reported, Mr. Taylor has not alleged that LexisNexis followed procedures that were not reasonable in preparing or distributing a report regarding him. (Doc. 1). Thus, Mr. Taylor has failed to state a claim under § 1681e upon which relief can be granted.

Notably, consumer reporting agencies must exclude from consumer reports bankruptcy records for bankruptcy proceedings that have been closed for 10 years or more. 15 U.S.C. § 1681c(a)(1). Mr. Taylor alleges that his bankruptcy was discharged, (Doc. 1, p. 5), but he has not alleged the date of discharge, and he has not provided documents that contain that information.

***

Mr. Taylor alleges that LexisNexis failed to conduct a reasonable investigation upon dispute. (Doc. 16, p. 6). To state a claim for 15 U.S.C. § 1681i, a plaintiff "must show that the agency's file contained factually inaccurate information, that the agency's investigation upon dispute was not reasonable, and that damages followed as a result." *McWhorter v. Experian Servs. Corp.*, No. 23-13427, 2025 U.S. App. LEXIS 23242, at *7 (11th Cir. Sep. 9, 2025). Mr. Taylor states that he does not challenge the existence or accuracy of the bankruptcy record. (Doc. 16, p. 1). Thus, he has not shown that the agency's file contained factually inaccurate information. Mr. Taylor has failed to state a claim under § 1681i upon which relief can be granted.

Alternatively, Mr. Taylor states that LexisNexis is a "reseller" under the Fair Credit Reporting Act. (Doc. 16, p. 2); *see* 15 U.S.C. § 1681a(u) (defining "reseller"). Under 15 U.S.C. § 1681i(f), if a consumer disputes the accuracy of information produced by a reseller, the reseller must notify the source of the information, but the reseller is not obligated to verify the accuracy of or correct alleged errors by others:

> If a reseller receives a notice from a consumer of a dispute concerning the completeness or accuracy of any item of information contained in a consumer report on such consumer produced by the reseller, the reseller shall, within 5 business days of receiving the notice, and free of charge—
>
> (A) determine whether the item of information is incomplete or inaccurate as a result of an act or omission of the reseller; and

> (B) if—
>
> > (i) the reseller determines that the item of information is incomplete or inaccurate as a result of an act or omission of the reseller, not later than 20 days after receiving the notice, correct the information in the consumer report or delete it; or
> >
> > (ii) if the reseller determines that the item of information is not incomplete or inaccurate as a result of an act or omission of the reseller, convey the notice of the dispute, together with all relevant information provided by the consumer, to each consumer reporting agency that provided the reseller with the information that is the subject of the dispute, using an address or a notification mechanism specified by the consumer reporting agency for such notices.

15 U.S.C. § 1681i(f). According to Mr. Taylor's opposition to the motion to dismiss, LexisNexis filed disputes with the consumer reporting agencies. (Doc. 16, pp. 18–20). Mr. Taylor has not alleged that LexisNexis caused alleged inaccuracies or omissions, so filing disputes was all LexisNexis was obligated to do. Thus, Mr. Taylor has failed to state a claim under 15 U.S.C. § 1681i(f) upon which relief can be granted.

***

11 U.S.C. § 524(a)(2) addresses the effect of a discharge in a bankruptcy case; it does not address whether that information can appear on one's credit information. Thus, Mr. Taylor has failed to state a claim under 11 U.S.C. § 524(a)(2) for which relief can be granted.

***

For the reasons discussed above, the Court grants the defendants' motion to dismiss. Accordingly, the Court dismisses Mr. Taylor's claims without prejudice for failure to state a claim. The Clerk of Court shall please TERM Doc. 11, close the case, and mail and email a copy of this order to Mr. Taylor.

**DONE** and **ORDERED** this October 5, 2026.

Madeline H. Haikala

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE